UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

CLEOPATRA ROSIOREANU,

        Plaintiff,                                  **ORDER**
                                                               **07 CV 2925 (LB)**
       -against-

THE CITY OF NEW YORK,

        Defendant.

--------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Defendant moves *in limine* to exclude certain evidence from trial. (Docket entry 111.) Plaintiff opposes defendant's motion. (Docket entry 115.) The Court held a status conference on February 14, 2012 to address the parties' proposed exhibits and witnesses as well as defendant's motion *in limine*.[1] For the following reasons, defendant's motion *in limine* is granted in part and denied in part.

1.    Defendant requests the Court to set a time limit for each party to present their case at trial. While the Court has discretion to set such time limits, it declines to do so in this case. Accordingly, defendant's request is denied.

2.    Defendant seeks to preclude plaintiff from offering evidence in support of any claims not proceeding to trial. The Court agrees with defendant that such evidence is not relevant under Rule 401 of the Federal Rules of Evidence. See Fed. R. Evid. 401 ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action."). Plaintiff's only claims proceeding to

---

[1] Prior to the conference, the parties provided the Court with a binder of their proposed exhibits.

1

trial are her claims of a gender-based hostile work environment and a retaliatory hostile work environment under Title VII. Plaintiff's claims arise from the actions of Deputy Director James Mahaney and Director Roy Durig during her employment with the Engineering Audit Office of the Department of Environmental Protection from 2001 to 2003. Plaintiff shall not be permitted to introduce any evidence regarding her age discrimination, national origin discrimination, disparate treatment, and city and state law claims, all of which were dismissed on summary judgment. (Docket entry 68, Memorandum and Order dated September 20, 2010.) Specifically, plaintiff shall not be permitted to testify regarding her employment with the Bureau of Water and Sewer Operations from 2003 until 2007, any denial of a promotion within the Department of Environmental Protection, or her termination from the Department of Environmental Protection. Accordingly, defendant's request is granted.

3.      Defendant seeks to preclude plaintiff from offering evidence regarding her complaint of discrimination filed with the New York City Commission on Human Rights (CHR) against the Department of Environmental Protection, Durig, and Mahaney. Plaintiff filed her complaint with the CHR on May 5, 2004, the CHR dismissed the complaint for no probable cause on December 4, 2006, and the decision was affirmed by the Commissioner on March 22, 2007. (Ex. K, L, and 75.) Plaintiff's remaining retaliation claim is based on her *internal* complaints of discrimination and Mahaney and Durig's actions from 2001 to 2003 within the Engineering Audit Office. (Docket entry 68, Memorandum and Order dated September 20, 2010.) Therefore, plaintiff's filing of the complaint with the CHR in May 2004 and the CHR's subsequent investigation and determination of her complaint are irrelevant to her retaliation claim. Plaintiff shall not be permitted to testify regarding the complaint she filed with the CHR or the CHR's investigation and determination of

2

her complaint.  Plaintiff's Exhibits 68, 71, 73, 74 and 75 and defendant's Exhibits K and L shall not be allowed into evidence, as these exhibits all relate to plaintiff's CHR complaint.  Such evidence is irrelevant to plaintiff's claims and any probative value would be substantially outweighed by the danger that these exhibits would confuse the issues and mislead the jury.  See Fed. R. Evid. 403 ("The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues [or] misleading the jury.").  Accordingly, defendant's request is granted.

4.     Defendant seeks to exclude the testimony of Andrew Moss, the Director of Accounting at the Department of Environmental Protection.  Plaintiff lists Moss as one of the four witnesses she intends to call to testify at trial.[2]  (Docket entry 101.)  Defendant argues that Moss would not be able to provide any relevant testimony regarding plaintiff's remaining claims.  Plaintiff's opposition to the instant motion states that she worked closely with Moss on the Job Order Contracting system while at the Engineering Audit Office and that Moss spoke to Durig about plaintiff's exclusion from the Job Order Contracting system taskforce.  (Docket entry 115.)  At the conference on February 14, 2012, plaintiff stated that Moss would testify about Durig's failure to assign her to the Job Order Contracting system taskforce.  Given that plaintiff's hostile work environment claims are in part based on plaintiff's claims that she was denied preferential work assignments and given inaccurate evaluations, of which Moss may have personal knowledge, defendant's request is denied.  Plaintiff may call Moss to testify at trial.

5.     Defendant seeks to exclude many of plaintiff's proposed exhibits on the grounds of relevancy and hearsay.  Defendant argues that the following proposed exhibits are irrelevant to

---

[2] Besides herself, plaintiff intends to call Moss, Gorozdi, and Campbell as her witnesses.  (Docket entry 101.) Plaintiff no longer intends to call Greeley and Dottin is deceased.

3

plaintiff's claims: Exhibits 6.1, 6.2, 7, 8, 26, 26.1, 26.2, 26.3, 32, 33.1, 33.2, 33.3, 33.4, 33.5, 34, 35.2, 35.3, 36, 37, 37.1, 37.2, 38.1, 39, 40, 42.2, 44.2, 46.5, 50.2, 50.3, 52.2, 53.2, 53.3, 53.4, 53.5, 54, 55, 56, 57, 58.1, 58.2, 59, 63.1, 67, 69, 70, 72, 76, and 77. The Court has reviewed the foregoing exhibits as well as plaintiff's offer of proof for each exhibit. The challenged exhibits largely consist of audit reports and documents concerning auditing protocol. The Court finds that they are irrelevant to plaintiff's claims and that any probative value would be substantially outweighed by the danger that these exhibits would confuse the issues to the jury. Additionally, although defendant objects to Exhibit 25, an audit report prepared by plaintiff, on hearsay grounds, the Court instead excludes this exhibit as irrelevant.

Defendant argues that the following proposed exhibits are inadmissible hearsay: Exhibits 12, 13, 15, 16, 17, 19, 21, 22, 28, 30, 31, 35.1, 35.2, 35.3, 43, 44.1, 44.2, 46.1, 46.2, 46.3, 46.4, 48.1, 50.1, 53.1, 60.1, 60.2, 60.3, 60.4, 62.1, 62.2, 62.3, 62.4, 63.2, and 63.3. Rule 801(c) of the Federal Rules of Evidence defines hearsay as "a statement that . . . the declarant does not make while testifying at the current trial or hearing; and . . . a party offers in evidence to prove the truth of the matter asserted in the statement." "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 802. The Court has reviewed the foregoing exhibits as well as plaintiff's offer of proof for each exhibit. The challenged exhibits consist entirely of memoranda and emails written by plaintiff regarding the conditions of her employment within the Engineering Audit Office and appear to be offered by plaintiff to prove the truth of the statements therein. As such, they are hearsay and plaintiff has not established that they are covered by a hearsay exception, such as the "business record" exception under Rule 803(6). See Park W. Radiology v. CareCore Nat'l LLC,

4

675 F. Supp. 2d 314, 333 (S.D.N.Y. 2009) ("Though an email may satisfy the business records exception under appropriate circumstances, Plaintiffs do not show that the . . . emails qualify" because the "employees were not under an obligation to create the emails as a record of regularly conducted business activity.").

Although plaintiff may not offer any of the exhibits referenced in the preceding paragraph to prove the truth of the matters asserted, plaintiff may be able to offer certain of these exhibits for the non-hearsay purpose of proving that she complained about Mahaney's harassment and defendant knew about these complaints. See Fed. R. Evid. 801(c); see also Mugavero v. Arms Acres, Inc., No. 03 Civ. 05724 (PGG), 2009 U.S. Dist. LEXIS 56214, at *12 (S.D.N.Y. July 1, 2009) (finding that documents "might also be offered for non-hearsay purposes – for example, to establish the dates Plaintiff engaged in protected activity and to establish the dates Defendants had knowledge of Plaintiff's EEOC charges."). Exhibits 12, 15, 16, 17, 19, 21, and 22 are internal memoranda that plaintiff sent to the Chief of Staff, the Commissioner, the Deputy Commissioner for Management and Budget, the Director of Human Resources, and the Deputy Director of Human Resources in which she complains about Mahaney's conduct. The Court reserves decision on whether to exclude these exhibits and urges the parties to consider stipulating to facts such as when and to whom plaintiff made these internal complaints.[3]

Defendant argues that Exhibit 61 should be excluded based on relevance and hearsay grounds. Exhibit 61 is a memorandum prepared by an EEO investigator for EEO Officer Osenni summarizing the statements made by Gorozdi during an investigative interview. Gorozdi's statements regarding Mahaney's conduct towards plaintiff are relevant to her claims of hostile

---

3 As plaintiff's retaliation claim here cannot be based on her subsequent March 8, 2004 internal complaint of discrimination to EEO Officer Osenni, Exhibit 60 is not admissible.

work environment and retaliation.  As Gorozdi's statements are offered by plaintiff against defendant and were made on a matter within the scope of his employment with defendant, they are not hearsay under Rule 801(d)(2)(D).  See Guzman v. City of New York, No. 06-CV-5832 (KAM)(LB), 2010 U.S. Dist. LEXIS 104885, at *45-46 (E.D.N.Y. Sept. 30, 2010) (finding that statements made by defendant's employee in an interview with the EEO Office and contained in EEO report were not hearsay under Rule 801(d)(2)(C) and (D)).  Moreover, subject to a proper foundation at trial or a stipulation by the parties, plaintiff may be able to establish that this EEO memorandum is a business record under Rule 803(6).  See Barney v. Consol. Edison Co., No. CV-99-823 (DGT)(SMG), 2009 U.S. Dist. LEXIS 127178, at *46-47 (E.D.N.Y. Sept. 30, 2009) ("Auditing's report is also admissible as a business record under Fed. R. Evid. 803(6) because the report memorializes a routine investigation of possible employee misconduct in order to determine whether any disciplinary action needed to be taken."); Vahos v. Gen. Motors Corp., No. 06-CV-6783 (NGG)(SMG), 2008 U.S. Dist. LEXIS 47971, at *10 (E.D.N.Y. June 16, 2008) ("Generally, an investigatory report like that prepared by [defendant] would be hearsay unless it qualified as a business record under Fed. R. Evid. 803(6).").

      Accordingly, defendant's request is granted in part and denied in part.  Although plaintiff cannot enter the exhibits that have been excluded herein into evidence, she is free to *testify* to much of what is included in these documents regarding what happened to her during her employment with the Engineering Audit Office and what actions she took in response.  She may seek to introduce Exhibits 12, 15, 16, 17, 19, 21, 22, and 61 as provided herein.

6.      Defendant seeks to exclude the following "Official Documents" that plaintiff intends to introduce at trial: the Department of Environmental Protection Hiring Booklet, the DCAS

Personnel Rules and Regulations of the City of New York, the Comptroller's Directive #7, and the City of New York Procurement Policy Board Rules. The Court finds that these documents are irrelevant to plaintiff's claims and that any probative value would be substantially outweighed by the danger that these documents would confuse the issues, mislead the jury, and needlessly present cumulative evidence.[4] As clarified on the record at the February 14, 2012 conference, defendant does not object to the relevancy of those portions of the Department of Environmental Protection Employee Handbook that relate to performance evaluations or the Department of Personnel's Agency Guide to Performance Evaluation for Non-Managerial Positions. Accordingly, defendant's request is granted.

## CONCLUSION

As set forth above, defendant's motion *in limine* is granted in part and denied in part. Defendant's counsel shall prepare and file the parties' final witness and exhibit list in accordance with this Order by March 5, 2012. The exhibit list shall specify plaintiff's exhibits and joint exhibits.[5]

SO ORDERED.

_____/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: February 29, 2012
       Brooklyn, New York

---

[4] Although pages 58 and 59 of the DCAS Personnel Rules and Regulations of the City of New York relate to performance evaluations for City employees, these documents are cumulative to the more specific information that plaintiff also seeks to introduce in the Department of Environmental Protection Employee Handbook and the Department of Personnel's Agency Guide to Performance Evaluation for Non-Managerial Positions. Therefore, the probative value of these Rules and Regulations are substantially outweighed and the documents are excluded.
[5] The parties have identified all of defendant's exhibits as joint exhibits. (Docket entry 116.)