UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

CLEOPATRA ROSIOREANU,

        Plaintiff,                                  **ORDER**
                                                         **07 CV 2925 (LB)**

    -against-

THE CITY OF NEW YORK,

        Defendant.

-------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      The Court held a jury trial in this *pro se* employment discrimination action from March 12, 2012 to March 14, 2012. The jury returned a verdict for plaintiff on her retaliation claim under Title VII. Upon defendant's oral request, the Court extended the time for defendant to move for judgment as a matter of law or a new trial pursuant to Rules 50(b) or 59 of the Federal Rules of Civil Procedure until April 26, 2012. However, upon reconsideration, defendant's request for an extension is denied.

      Rule 50(b) provides that "[n]o later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Rules 59(b) and (e) provide that a motion for a new trial or a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of judgment." The Court *cannot* extend the time for defendant to move for judgment as a matter of law or for a new trial. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); Weissman v. Dawn Joy Fashions, Inc., 214 F.3d 224, 230 (2d Cir. 2000) ("Neither Rule 50(b) nor Rule 59(b) gives a district court the power to grant an extension, and we have stated that Rule 6(b) makes the 'ten-day time limitation[]

jurisdictional so that the failure to make a timely motion divests the district court of power to modify the trial verdict.'") (quoting <u>Rodick v. City of Schenectady</u>, 1 F.3d 1341, 1346 (2d Cir. 1993)).

As the Court lacks the power to extend defendant's time to file its post-trial motion beyond the twenty-eight days provided in the Federal Rules of Civil Procedure, defendant's request for an extension of time to move for judgment as a matter of law or a new trial is denied. Any motion shall be filed by April 12, 2012. Plaintiff shall file her opposition by May 10, 2012 and defendant shall file any reply by May 24, 2012.

SO ORDERED.

_____/S/_____
LOIS BLOOM
Dated: March 15, 2012                           United States Magistrate Judge
       Brooklyn, New York